IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAVARIS JOHNSON, #R-50459, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00815-SMY |
| | ) | |
| VIPIN SHAH, | ) | |
| WEXFORD MEDICAL SOURCES, | ) | |
| CANTINA FOOD SERVICE, | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, TY BATES, | ) | |
| SUE ANN BAILY, THOMAS SPILLER, | ) | |
| and GLADYSE TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tavaris Johnson, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Docs. 1, 1-1). Plaintiff claims that Pinckneyville officials responded to his numerous health complaints with deliberate indifference, in violation of the Eighth Amendment ("Count 1A") (Doc. 1, pp. 7-9). He also claims that the soy-based diet and the "two-meal-per-day" policy at Pinckneyville violate his rights under the Eighth and Fourteenth Amendments ("Count 2B") (Doc. 1, pp. 10-11). Finally, the complaint raises a conspiracy claim against various prison officials ("Count XVI") (Doc. 1-1, p. 18). In connection with these claims, Plaintiff sues the Illinois Department of Corrections ("IDOC"), Gladyse Taylor (IDOC director), Ty Bates (IDOC deputy director), Thomas Spiller (Pinckneyville warden), Vipin Shah (Pinckneyville doctor), Wexford Medical Sources

("Wexford"), Cantina Food Services ("Cantina"), and Sue Ann Baily (food services administrator) for monetary damages and a prison transfer (Doc. 1 pp. 12-13).

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  However, the Court is unable to screen the complaint at this time because it appears to be incomplete.  The complaint consists of twenty-one pages, nineteen of which are numbered and filed out of order.  Plaintiff's statement of claim sets forth two claims, *i.e.*, "Count 1A" (a medical claim) and "Count 2B" (a soy diet claim) (Doc. 1, pp. 7-11).  The final pages of the pleading also refer to "Count XVI" (a conspiracy claim) (Doc. 1-1, pp. 17-18).  It is unclear whether Plaintiff inadvertently omitted Counts 3-15 or simply numbered his three claims incorrectly.

Further, the list of exhibits refers to a 9-page document offered in support of a claim under the Americans with Disabilities Act ("ADA") (Doc. 1, p. 13).  However, the complaint does not mention an ADA claim, and the 9-page exhibit is not included with the complaint.  Before the Court can screen the complaint, Plaintiff must address these issues.

Plaintiff is hereby **ORDERED** to do the following within thirty-five days (on or before September 29, 2015): (1) confirm, in writing, that Documents 1 and 1-1 represent his complete complaint; *or* (2) file a motion for leave to amend the complaint and a proposed amended complaint.

If Plaintiff chooses the second option, he is strongly encouraged to use this Court's standard civil rights complaint form to prepare his amended complaint.  He should label it "First Amended Complaint" and use this case number.  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept

piecemeal amendments to the original complaint.  Thus, the amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the amended complaint.  The amended complaint is subject to review pursuant to 28 U.S.C. § 1915A.  To assist Plaintiff in complying with this Order, the **CLERK** is **DIRECTED** to provide Plaintiff with a copy of Documents 1 and 1-1, as well as a blank civil rights complaint form.

Failure to follow this Order will result in dismissal of this case.  FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may also result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 25, 2015**

**s/ STACI M. YANDLE**
**U.S. District Judge**
