IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TAVARIS JOHNSON, #R-50459,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00815-SMY |
| | ) | |
| **VIPEN SHAH,** | ) | |
| **SUZANN BAILEY,** | ) | |
| **THOMAS SPILLER,** | ) | |
| **MARCUS HARDY,** | ) | |
| **DIRECTOR OF IDOC, and** | ) | |
| **WEXFORD MEDICAL SOURCES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of the first amended complaint (Doc. 16) filed by Plaintiff Tavaris Johnson. Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Pinckneyville Correctional Center ("Pinckneyville"). In the first amended complaint, he claims that Pinckneyville officials conspired to violate his rights under the Eighth and Fourteenth Amendments by serving inmates only two meals each day and serving a diet that is high in soy. (Doc. 1 at 6-7). In connection with these claims, Plaintiff sues the Illinois Department of Corrections' director (IDOC director), Marcus Hardy (IDOC deputy director), Thomas Spiller (Pinckneyville warden), Suzann Bailey (Pinckneyville food services administrator), Vipen Shah (Doctor Shah) and Wexford Medical Sources ("Wexford") for monetary damages. (*Id*. at 8).

This case is now before the Court for a preliminary review of the first amended complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen

prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  As discussed in more detail below, the first amended complaint survives preliminary review under Section 1915A.

## First Amended Complaint

Plaintiff raises two sets of claims against the defendants in his first amended complaint.  The first arises from Pinckneyville's "two-meal-per-day" policy.  The second arises from the soy diet that is served at the prison.  The Court will address each set of claims below.

## "Two-Meal-Per-Day" Policy

According to the complaint, the IDOC Director, Deputy Director Hardy, Warden Spiller and Doctor Shah conspired to violate Plaintiff's rights under the Eighth and Fourteenth Amendments by denying him breakfast.  (Doc. 1 at 6).  Each day, inmates at Pinckneyville are served brunch from 10:00-10:30 a.m. and dinner from 4:00-4:30 p.m.  Plaintiff maintains that the two meals are nutritionally inadequate, but Doctor Shah will not order Plaintiff a higher calorie diet.  Instead, the doctor tells him to drink more water.  Plaintiff must either wait up to eighteen hours for his next meal or buy food from the prison commissary.  As a result, he suffers from weight loss, severe headaches and lethargy.

Plaintiff characterizes the decision to eliminate breakfast as punitive.  Pinckneyville is a disciplinary prison and it is also the only prison within the IDOC that serves no breakfast.  At the same time, the policy reflects a conspiracy to "line the pockets of high ranking officials with the money the government gives [the prison] to serve (3) meals a day."  (*Id*.).

**Soy Diet**

Plaintiff also claims that the IDOC Director, Deputy Director Hardy, Food Administrator Bailey, Doctor Shah and Wexford conspired to violate his rights under the Eighth and Fourteenth Amendments when they adopted a soy diet at the prison. (*Id*. at 6-7). The defendants know that soy diets cause serious medical problems because female prisoners in Illinois allegedly prevailed in a lawsuit that addressed this issue. (*Id*. at 7). Still, they insist on serving a soy diet to Plaintiff and other prisoners. (*Id*.).

Plaintiff claims that the soy diet has caused him to suffer from severe constipation, bloody stools, severe gas, headaches and fatigue. When he complained to Doctor Shah, the doctor refused to order a soy-free diet. Plaintiff was instructed to stop eating the prison's food and buy it from the commissary instead. Plaintiff has repeatedly filed grievances to complain about the diet and his related health issues. However, the defendants have ignored his complaints.

## **Merits Review Under 28 U.S.C. § 1915A**

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following six claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Eighth Amendment claim against Defendants IDOC Director, Deputy Director Hardy, Warden Spiller, and Doctor Shah for deliberate indifference to Plaintiff's need for adequate food to meet his nutritional needs.

**Count 2:** Fourteenth Amendment claim against Defendants IDOC Director, Deputy Director Hardy, Warden Spiller, and Doctor Shah for ignoring Plaintiff's grievances regarding the "two-meal-per-day" policy.

**Count 3:** Conspiracy claim against Defendants IDOC Director, Deputy Director Hardy, Warden Spiller, and Doctor Shah for attempting to punish prisoners and profit from them by implementing a "two-meal-per-day" policy at Pinckneyville.

**Count 4:** Eighth Amendment claim against Defendants IDOC Director, Deputy Director Hardy, Food Administrator Bailey, Doctor Shah, and Wexford for endangering Plaintiff's health by serving him a soy diet.

**Count 5:** Fourteenth Amendment claim against Defendants IDOC Director, Deputy Director Hardy, Food Administrator Bailey, Doctor Shah, and Wexford for ignoring Plaintiff's grievances regarding his adverse reaction to the prison's soy diet.

**Count 6:** Conspiracy claim against Defendants IDOC Director, Deputy Director Hardy, Food Administrator Bailey, Doctor Shah, and Wexford for adopting a soy diet at Pinckneyville.

Counts 1, 3, and 4 shall receive further review against those defendants who are identified below in connection with each claim. However, all remaining claims, including Counts 2, 5, and 6, shall be dismissed.

## Claims Subject to Further Review

### Count 1 - Inadequate Nutrition; Count 4 - Deliberate Indifference to Soy Diet

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant

injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994). Deliberate indifference is not satisfied where the prison official was negligent or grossly negligent; the official must have acted with the equivalent of criminal recklessness. *Id.* at 835-37.

The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). To recover damages against a supervisory official, a § 1983 plaintiff cannot rely on a theory of supervisory liability. *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Instead, he must allege that the defendant, through his or her own conduct, violated the Constitution. *Id.*

At this early stage, the complaint suggests that Plaintiff suffered serious side effects from inadequate nutrition (**Count 1**) and the soy diet (**Count 4**) which satisfies the objective component of his claims for screening purposes. The complaint also suggests that the defendants may have responded to Plaintiff's direct or written complaints with deliberate indifference. Plaintiff complained directly to Doctor Shah about both issues, and he wrote several rounds of grievances to each defendant. His complaints fell on deaf ears. In the Eighth Amendment context, a prison official who is made aware of a prisoner's lack of medical care for a serious medical need, through a coherent and detailed grievance or some other correspondence, may be deliberately indifferent where he or she fails to intervene on an inmate's behalf and rectify the situation. *Perez*, 792 F.3d at 777-78. An inmate's "correspondence to a prison administrator

may thus establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Id*. (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)).

Given Plaintiff's efforts to put the defendants on notice of his inadequate nutrition and adverse reaction to soy, the Court cannot dismiss the deliberate indifference claims against the defendants at this early juncture. Therefore, Counts 1 and 4 shall proceed. More specifically, the Court will allow **Count 1** to proceed against Defendants IDOC Director, Deputy Director Hardy, Warden Spiller and Doctor Shah and **Count 4** to proceed against Defendants IDOC Director, Deputy Director Hardy, Food Administrator Bailey and Doctor Shah. However, Wexford shall be dismissed without prejudice from this action. A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). In the context of Section 1983, a private corporation that performs functions on behalf of the state is "acting under color of state law," and is treated the same as a municipal entity. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n. 6 (7th Cir. 2002). In the complaint, Plaintiff does not allege that Wexford was responsible for the policy of providing Plaintiff with only two meals per day or a soy diet. Further, there is no allegation suggesting that any individual acted or failed to act as a result of such a policy espoused by Wexford. Therefore, **Counts 1** and **4** cannot proceed against Wexford.

### Counts 3 - Conspiracy

The Court will also allow the conspiracy claim in **Count 3** to proceed against Defendants IDOC Director, Deputy Director Hardy, Warden Spiller, and Doctor Shah at this stage.

According to the amended complaint, these defendants conspired to punish prisoners at Pinckneyville by depriving them of adequate nutrition. Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date . . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). Although the Court takes no position regarding the merits of this claim, the Court cannot dismiss it at this time. Accordingly, **Count 3** shall proceed against Defendants IDOC Director, Deputy Director Hardy, Warden Spiller and Doctor Shah.

## Claims Subject to Dismissal

### Counts 2 and 5 – Due Process

The complaint fails to articulate a Fourteenth Amendment claim (**Counts 2** and **5**) against the defendants. It is not clear why the complaint even refers to the Fourteenth Amendment. However, to the extent that these claims arise from the defendants' failure to respond to Plaintiff's grievances, both claims fail.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In other words, no due process claim arises from the fact that the defendants may have ignored, delayed, or mishandled Plaintiff's grievances. **Counts 2**

and **5** shall therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Count 6 – Conspiracy

The conspiracy claim in **Count 6** fails and shall be dismissed without prejudice. According to the amended complaint, the defendants conspired to violate Plaintiff's rights by giving him a soy diet. (Doc. 1 at 6-7). However, Plaintiff offers no allegations explaining the purpose of the conspiracy or the existence of any agreement by the defendants. Even at this early stage, he cannot proceed with a claim that relies entirely on conclusory legal statements and vague factual allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."). Therefore, **Count 6** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 2** and **5** are **DISMISSED** with prejudice from this action for failure to state a claim upon which relief may be granted, and **COUNT 6** is **DISMISSED** without prejudice for the same reason.

**IT IS FURTHER ORDERED** that Defendant **WEXFORD MEDICAL SOURCES** is **DISMISSED** without prejudice.

With respect to **COUNTS 1, 3,** and **4**, the Clerk of Court shall prepare for **DEFENDANTS IDOC DIRECTOR, MARCUS HARDY, THOMAS SPILLER, VIPEN SHAH,** and **SUZANN BAILEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Memorandum and

Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 4, 2016**

**s/ STACI M. YANDLE**
**U.S. District Judge**