## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAVARIS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 - CV - 815 - SMY/RJD |
| | ) | |
| VIPIN SHAH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are Motions for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Vipin Shah (Doc. 41) and Defendants Suzann Bailey, Thomas Spiller, Marcus Hardy and John Baldwin (Doc. 44).[1] For the following reasons, Defendants' motions are **GRANTED**.

## Background

Plaintiff is an inmate at Pinckneyville Correctional Center ("Pinckneyville"). Defendant Vipin Shah worked as a physician at Pinckneyville and Defendant Spiller was the Warden. Defendants Baldwin, Hardy and Bailey served in administrative positions for the Illinois Department of Corrections. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights (Doc. 1). On March 4, 2016, the Court screened the First Amended Complaint, designating Plaintiff's claims as follows:

> **Count 1:** Eighth Amendment claim against Defendants Baldwin, Hardy, Spiller, and Shah for deliberate indifference to Plaintiff's need for adequate food to meet his nutritional needs.

---

[1] The state defendants' motion identifies the unnamed director listed as a party in the Complaint as John Baldwin. Although the identity of the defendant director is not relevant to resolving the exhaustion issue, the Court questions this identification as it appears that John Baldwin was named as director subsequent to the filing of the Complaint and Plaintiff has asserted his claims against the defendant director in his or her personal capacity. *See* Illinois Department of Corrections, *https://www.illinois.gov/idoc/aboutus/pages/director.aspx* (last visited on March 15, 2017).

**Count 3:** Conspiracy claim against Defendants Baldwin, Hardy, Spiller, and Dr. Shah for attempting to punish prisoners and profit from them by implementing a "two-meal-per-day" policy at Pinckneyville Correctional Center.

**Count 4:** Eighth Amendment claim against Defendants Baldwin, Hardy, Bailey, and Shah, for endangering Plaintiff's health by serving him a soy diet.

(Doc. 17).

Defendants have moved for summary judgment for Plaintiff's failure to exhaust administrative remedies, arguing that Plaintiff submitted no grievances relevant to his claims. Plaintiff did not file a response.

## Discussion

In support of their motion, Defendants submitted authenticated records from the Illinois Department of Corrections and Pinckneyville Correctional Center, which indicate:

1. On May 3, 2015, a counselor returned and responded to Plaintiff's grievance regarding the soy diet.

2. On June 23, 2015, Plaintiff submitted a grievance regarding Dr. Shah's medical treatment of his back and medical co-pay, which was denied.

3. On September 4, 2015, Plaintiff submitted an appeal of the grievance regarding Dr. Shah's medical treatment to the Administrative Review Board, which was denied.

4. On September 3, 2015, Plaintiff submitted a grievance regarding Dr. Shah's medical treatment of his back.

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll

dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first attempt to resolve a complaint informally with his counselor. 20 Ill. Admin. Code § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* § 504.810(b). The grievance officer is required to advise the chief administrative officer – usually the warden – at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The chief administrative officer advises the inmate of the decision on the grievance within two months of filing. *Id.* § 504.830(d). An inmate may appeal the decision of the chief administrative officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).

An inmate may also request that a grievance be handled as an emergency by forwarding it directly to the chief administrative officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Further, inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

Plaintiff's Amended Complaint contains allegations that he submitted grievances related to his claims, but it contains no allegations indicating that he completed the grievance process with respect to those grievances or that the grievance process was unavailable (Doc. 16 at 5).

Rather, Defendants' submissions show that Plaintiff failed to complete the grievance process and thus failed to properly exhaust his administrative remedies.

### Conclusion

For the foregoing reasons, Defendant Vipin Shah's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 41) and Defendants Suzann Bailey, Director of the Illinois Department of Corrections, Marcus Hardy and Thomas Spiller's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 44) are **GRANTED** and Plaintiff's claims against all defendants are **DISMISSED without prejudice**.  As no claims remain, the Clerk of Court is **DIRECTED** to enter judgment against Plaintiff Tavaris Johnson and in favor of Defendants Vipin Shah, Suzann Bailey, Director of the Illinois Department of Corrections, Marcus Hardy and Thomas Spiller and to close this case.

**SO ORDERED.**

**DATED: March 28, 2017**

**s/ Staci M. Yandle**
**District Judge Staci M. Yandle**